*1017 Judge MANNHEIMER,
concurring.
I agree with the analysis set forth in the majority opinion, and I write separately ouly to point out another pertinent aspect of Justice Scalia's majority opinion in Floride #. Jardines, - U.S. -, 188 S.Ct. 1409, 185 L.Ed.2d 495 (2018).
As Judge Allard explains, both the majority and the dissent in Jardines agree that, for Fourth Amendment purposes, a nighttime entry onto residential property is different from a daytime entry-because the test is whether the entry is within the "implicit license" granted to visitors by the homeowner, and because homeowners have differing expectations regarding daytime and nighttime visitors.
But Justice Scalia's opinion in Jardines contains an analysis that is potentially of greater significance to this case, and to future cases: he asserts that "[the scope of a [homeowner's implied] license ... is limited not only to a particular [physical] area, but also to a specific purpose." Id., 188 S.Ct. at 1416 (emphasis added). ‘
In his opinion, Justice Scalia appears to ratify the approach that (1) police officers, like other citizens, are entitled to take advantage of a homeowner's implied permission to have visitors enter their property, but (2) the scope of that implied permission depends, in part, on the visitor's purpose, and (8) homeowners typically do not consent to have visitors enter their property to investigate crimes that the homeowner might have committed.[1]
Justice Sealia's approach potentially raises significant Fourth Amendment questions. However, I conclude that we should not pursue this matter further in Kelley's case. The parties' briefs do not raise this point, and the facts of Kelley's case do not require us to resolve the additional questions raised by Justice Scalia's opinion.

. See Jardines, 133 S.Ct. at 1416-17 & n. 4.